07 - 4 2 3

AO 241
(Rev. 12/04)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Delaware | |
|---|---|---|
| Name (under which you were convicted):   TYRONE BROOKINS | | Docket or Case No.: |
| Place of Confinement: Delaware Correctional Center 1181 Paddock Road Smyrna, DE 19977 | Prisoner No.:   128849 | |
| Petitioner (include the name under which you were convicted)   TYRONE BROOKINS | Respondent (authorized person having custody of petitioner) v.   WARDEN THOMAS CARROLL | |
| | 07 - 4 2 3 | |
| The Attorney General of the State of Delaware | | |

**PETITION**

FILED

JUL - 3 2007

RGsceum

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    Superior Court - New Castle County


    (b) Criminal docket or case number (if you know):   CR. ID No. 80001074DI

2.  (a) Date of the judgment of conviction (if you know):   June 1, 1981

    (b) Date of sentencing:   June 18, 1981

3.  Length of sentence: Life Without Parole and 15 years.

4.  In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:   Murder 1st Degree,
    Possession of Deadly Weapon During Commission of Felony,
    Burglary 2nd Degree, and Conspiracy 1st Degree.




6.  (a) What was your plea? (Check one)

    ☒ (1)   Not guilty      ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty          ☐ (4)   Insanity plea

AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

      ☒   Jury   ☐  Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ☐  Yes   ☒ No

8.    Did you appeal from the judgment of conviction?

      ☒  Yes   ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:   Delaware Supreme Court

(b) Docket or case number (if you know):  No. 173, 1981

(c) Result:  Convictions Affirmed

(d) Date of result (if you know): August 22, 1983

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ☐ Yes   ☒ No

    If yes, answer the following:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Result:

    (4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?        □ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?        ☒ Yes    □ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:    Superior Court - New Castle County

(2) Docket or case number (if you know):    Cr. ID No.    80001074DI

(3) Date of filing (if you know):

(4) Nature of the proceeding:    Post Conviction Motion

(5) Grounds raised:  1.    The Court erred in denying defendant's
motion for default, and 2.    The Court failed to give sufficient
weight to the DNA evidence and gave significant weight to
irrelevant factors.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒    Yes    □ No

(7) Result:    Petition Denied

(8) Date of result (if you know):    March 29, 2007

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐  Yes    ☐  No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

✎AO 241
(Rev. 12/04)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒   Yes      ☐  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

    (1) First petition:      ☒ Yes      ☐  No

    (2) Second petition:   ☒ Yes      ☐  No

    (3) Third petition:     ☐  Yes      ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
    laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
    supporting each ground.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
    remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
    grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**   DENIED DUE PROCESS AND EQUAL PROTERCTION

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    The Court erred in denying defendant's motion for default judg-
ment.   The state failed to request an extension in a timely
manner and through established court procedures.    The court made
no inquiry into the state's basis for requesting extension on the
basis for the untimely filing thereof.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)      **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☒  Yes          ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐x  Yes          ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     Motion for Post Conviction Relief

Name and location of the court where the motion or petition was filed:

Superior Court - New Castle County

Docket or case number (if you know):     Cr. ID No. 80001074DI

Date of the court's decision:     June 14, 2006

Result (attach a copy of the court's opinion or order, if available): See Exhibit "A"

(3) Did you receive a hearing on your motion or petition?          ☐x  Yes          ☐  No

(4) Did you appeal from the denial of your motion or petition?          ☐x  Yes          ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒  Yes          ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Delaware Supreme Court

Docket or case number (if you know):     No. 306, 2006

Date of the court's decision:     March 29, 2007

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Exhibit "A"

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYRONE BROOKINS, | § | |
| | § | No. 306, 2006 |
| Defendant Below, | § | |
| Appellant, | § | Court Below – Superior Court |
| | § | of the State of Delaware, |
| v. | § | in and for New Castle County |
| | § | Cr. ID No. 80001074DI |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 21, 2007
Decided: March 29, 2007

Before **STEELE**, Chief Justice, **HOLLAND** and **JACOBS**, Justices.

Upon appeal from the Superior Court. **AFFIRMED.**

T. Andrew Rosen, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellant.

Loren C. Meyers, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

**HOLLAND**, Justice:

The defendant-appellant, Tyrone Brookins ("Brookins"), appeals from the Superior Court's judgment that denied his request for a new trial. In 1981, Brookins was convicted by a jury of Murder in the First Degree, Possession of a Deadly Weapon During Commission of a Felony, Burglary in the Second Degree and Conspiracy in the First Degree. Brookins was sentenced to life imprisonment without parole plus fifteen years imprisonment.[1]

In 2004, relying on DNA test results, Brookins moved for a new trial under Title 11, § 4504(b) of the Delaware Code.[2] The Superior Court denied Brookins' motion. In this appeal, Brookins contends that the Superior Court committed reversible error in two respects: first, by denying his motion for default judgment because the State failed to request an extension in a timely manner; and second, by denying his motion for a new trial because it

---

[1] Brookins' convictions were affirmed in an earlier appeal. *See Lampkins v. State*, 465 A.2d 785 (Del. 1983).

[2] Section 4504(b) of Title 11 of the Delaware Code provides:

> Except at a time when direct appellate review is available, a person convicted of a crime who claims that DNA evidence not available at trial establishes the petitioner's actual innocence may commence a proceeding to secure relief by filing a motion for a new trial in the court that entered the judgment of conviction. The court may grant a new trial if the person establishes by clear and convincing evidence that no reasonable trier of fact, considering the evidence presented at trial, evidence that was available at trial but was not presented or was excluded, and the evidence obtained pursuant to subsection (a) of this section would have convicted the person.

Del. Code Ann. tit. 11, § 4504(b) (2001).

2

improperly failed to give sufficient weight to the DNA evidence, and improperly gave weight to irrelevant factors. We have concluded that all of Brookins' contentions are without merit.

### *Facts*[3]

On April 2, 1980, the victim, Mary Dugan ("Dugan"), was killed shortly after entering her apartment. At approximately 3:00 p.m., a police officer responded to a complaint regarding a "woman screaming" at Dugan's apartment. While walking down the rear staircase of the building, the officer noticed that the rear door to Dugan's apartment was open. Upon entering the living room, the officer found Dugan's body. Dugan had been beaten on the head, repeatedly stabbed and strangled. She was pronounced dead at the hospital.

Thomas Butler ("Butler"), a co-conspirator, testified against Japhis Lampkins ("Lampkins") and Brookins in exchange for a plea of Manslaughter and Conspiracy in the Second Degree. Butler testified that on the morning of April 2, he and Lampkins committed an armed robbery in Newark, and then separated on their return to Wilmington. In the afternoon, Butler rejoined Lampkins, this time with Brookins, who was a drug addict. The three men then ingested various drugs. Knowing that Lampkins and

---

[3] The following facts are summarized from *Lampkins v. State*, 465 A.2d 785, 786-87 (Del. 1983).

3

Butler had committed a successful robbery earlier that day, Brookins also wanted to "make a sting." The three decided to go to a nearby supermarket, where they saw Dugan pulling her cart. They followed her home. Butler waited outside while first Brookins, and then Lampkins, went into Dugan's apartment. While outside, Butler heard Lampkins' voice, followed by scuffling and a woman moaning, whereupon he fled.

Although no eyewitness testimony was presented at the trial, Butler's testimony implicating Brookins was corroborated in several ways, including by expert and non-expert testimony and physical evidence. Specifically, hairs were found on the back door of Dugan's apartment and on a tissue found next to Dugan. Those hairs matched Brookins' head and pubic hair. A shoe print lifted from the blood-covered floor was similar in design and size to the shoe Brookins was wearing when arrested. Blood on a vase found on a chair near Dugan was determined not to be Dugan's blood, but matched Brookins' blood type and enzyme markers in all but one aspect.

### *Default Judgment Claim*

A DNA analysis report dated July 15, 2004, showed that the blood on the vase was not that of Brookins, but that of Dugan. Relying on these DNA test results, Brookins moved for a new trial under Title 11, section 4504(b)

4

1302856 5365                Georgetown Supreme C                                            6/13

of the Delaware Code. The trial judge ordered the State to respond to Brookins' motion by October 11, 2004.

On October 7, the prosecutor to whom the case had been assigned wrote to the trial judge, asking for a 45-day extension to respond to the motion, because he "was not the original prosecutor" and "due to the age of the case." Six days later, Brookins' defense counsel wrote to the judge, objecting to the State's request. The State's response was filed on November 22, and on December 17, defense counsel filed a reply to the State's answer.

In July 2005, Brookins filed a motion for default judgment, charging that the State's response to the motion for a new trial was untimely, there being no indication that the Superior Court had ever granted the State's request for additional time. The Superior Court denied Brookins' motions for default judgment and for a new trial.

We review the Superior Court's denial of Brookins' motion for default judgment for abuse of discretion. Brookins first argues that the Superior Court "never made any inquiry or issued any decision on the request for continuance, and without doing so, cannot rationally make a decision on the motion for default judgment." In *Guardarrama v. State*,[4] we

---

[4] 2006 Del. LEXIS 537 (Del. Supr. 2006).

held that "the trial court had the discretion to address the merits of an even unopposed motion for judgment of acquittal, if only to prevent a miscarriage of justice and to avoid undoing a conviction that was lawfully obtained."[5] Brookins argues that *Guardarrama* is distinguishable for two reasons: first, in his case the Superior Court made its decision based on the State's "untimely" submission; and second, the new trial requested here would not constitute a miscarriage of justice.

The record reflects, however, that the facts in Brookins' case bear close resemblance to the facts in *Guardarrama*. In Brookins' case, the prosecutor wrote to the trial judge under Criminal Rule 45(b)(1),[6] seeking additional time to respond, and giving reasonable explanations for the continuance request.[7] The State's response was filed within the period of time requested by the prosecution, and Brookins filed a reply to that answer. Brookins cites no authority for his claim that the Superior Court abused its

---

[5] *Id.* at *13.

[6] Superior Court Criminal Rule 45(b)(1) reads as follows:

> When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order   . . . .

Del. Super. Ct. Crim. R. 45 (1992).

[7] In the letter the prosecutor wrote to the trial judge in order to ask for the additional time to file the answer, the prosecutor stated that "[a]s I was not the original prosecutor and due to the age of case, I am requesting an extention [sic] of 45 days to respond to this motion."

6

discretion by making no inquiry or issuing any decision on the request for the continuance. Here, as in *Guardarrama*, the Superior Court was empowered "to prevent a miscarriage of justice and to avoid undoing a conviction that was lawfully obtained"[8] by denying Brookins' motion for default judgment and proceeding to address the merits of his motion for a new trial.

Alternatively, Brookins claims that the State's request for the continuance constituted an improper *ex parte* communication that deprived him of his due process rights. *Black's Law Dictionary* defines "ex parte" as something being made by one party: "Done or made at the instance and for the benefit of one party only, and without notice to, or argument by, any person adversely interested; of or relating to court action taken by one party without notice to the other."[9] The record reflects the State properly requested an extension before the answer date fixed by the Superior Court. Six days later, Brookins was served with the State's request for an extension of time, and he filed his objection immediately upon receipt of the letter. Thus, the record does not support Brookins' contention that an *ex parte* communication occurred.

---

[8] *Guardarrama v. State*, 2006 Del. LEXIS 537, at *13 (Del. Supr. 2006).
[9] *Black's Law Dictionary* 616 (8th ed. 2004).

7

### *DNA Evidence Claim*

Under Title 11, § 4504(b) of the Delaware Code, the court may order a new trial if the defendant "establishes by clear and convincing evidence that no reasonable trier of fact, considering the evidence presented at trial, evidence that was available at trial but was not presented or was excluded, and the [DNA evidence] would have convicted."[10]  The crux of Brookins' argument is that the evidence of what was believed to be his blood on the vase was "the most important piece of evidence," from which the jurors could determine whether Brookins was present at the scene.  Brookins argues that because "it is clear that the testimony at trial that the blood on the vase was of [Brookins'] blood type was clearly erroneous[,]" no reasonable juror could have convicted him.

### *Microscopic Hair Samples*

Brookins' first argument is that the Superior Court failed to take into account the unreliability of microscopic comparison of hair samples.[11]  That argument is contradicted by the record, which shows that the Superior Court evaluated the reliability and credibility of microscopic hair analyses in general and decided nonetheless to credit the microscopic hair comparison

---

[10] Del. Code Ann. tit. 11, § 4504(b) (2001).

[11] On appeal, Brookins contends that an article finding an error rate of over 11% in microscopic hair analysis, and a report "from the national Innocence Project's Website showed that of the first 70 cases exonerated by DNA analysis, 21 (over 26%) had positive comparisons for microscopic hair analysis."

8

analysis in this particular case.[12]   We hold that the Superior Court properly rejected the categorical argument that microscopic hair analysis is inherently unreliable. As one federal court has pointed out, "human hair analysis by microscopic comparison was an accepted and reliable scientific method or technique, the results of which were routinely admitted at trial along with other circumstantial evidence . . . ."[13]   Brookins has not demonstrated that the microscopic hair comparison analysis was unreliable in his specific case. Accordingly, the microscopic comparison of hair samples was properly admitted into evidence at Brookins' trial and was properly considered in evaluating the strength of his argument based on the new DNA evidence report.

---

[12] The trial judge opined that:

> [The defense counsel cited] two Internet articles. . . . That is not exactly what I call an authoritative source, with all due respect to the Innocence Project. It's like preaching to the choir. What I expect you to present talking about, I mean, I understand what they have done or what you say they have done which I believe was relayed to you. My point is; has it been accorded some weight, some something by a court of law, and I don't think you have that. . . . I am not saying [the microscopic hair comparison] is good, bad, or indifferent. I am simply saying it has not been debunked. It may or may not be accorded [the] same weight as fingerprint analysis, or anything along lines that have been established over the years. I am simply saying you said because the Innocence Project—each case is different—said they gotten results, which I don't dispute. It does not necessarily mean without any particular cite or any reference to individual cases that I can do anything.

[13] *McCall v. Peters*, 2003 U.S. Dist. LEXIS 8038, at *20-21 (N.D. Tex.).

9

### *Shoe Print Evidence*

Brookins next claims that shoe prints were not sufficient to support a conviction, because the shoeprints were not distinct enough to permit a valid comparison. Specifically, Brookins argues that the FBI agent testified that "the print lacked clarity and sufficient detail to reach a positive opinion." The FBI agent also testified, however, that he "did find areas that did correspond to [Brookins' shoe], particularly in regard to the design found in the arch area of the right sneaker." The FBI agent also confirmed that he found some similarities in the design and size in this case, and "design and portions of the impression that is comparable do correspond in size." Moreover, the trial judge placed appropriate and limited weight on the shoeprint evidence, and properly held that the shoeprint evidence certainly did not exculpate Brookins.[14] Therefore, the Superior Court did not abuse its discretion by considering the evidence of identification and comparison

---

[14] The trial judge stated that:

> Didn't [the FBI agent] say it was similar—it is kind of like I don't know what sneaks anybody has, let's say I assume they still sell Nike somewhere, and that to say, I had on the Nike, and the murderer had on Nike, simply means that I am within the realm of that universe, it doesn't mean I did it or did not do it. If I had on an Adidas, and this was clearly a Nike shoe, it is like the old blood test for paternity back in the day, it could exclude you, but the fact that it included you did not necessarily mean that you were the father. That is the way I looked at that footprint testimony. They had on similar sneakers therefore he was still—like after voir dire, he was still in the panel to be picked, does not mean he was going to be selected, but that is kind of—it meant all that means.

10

of shoe prints at Brookins' trial in evaluating the strength of Brookins'
argument based upon the new DNA evidence report.

### *Co-Defendant's Testimony*

Although the State had no other eyewitness who could testify that
Brookins was present at the time that the murder was committed, his co-
defendant Butler gave testimony to that effect. Butler's testimony was
corroborated in several ways, apart from the cross-matched blood samples
from the blood-stained vase.[15] Brookins testified that he was present in
downtown Wilmington with Debbie Benson ("Benson") from 12:45 p.m.
until 3:30 p.m. (the time of the slaying). However, Benson also testified that
Brookins was with her all afternoon on April 2. Benson's testimony was
inconsistent with a written statement she gave to detectives after Brookins
was arrested. In that statement, Benson told detectives that Brookins had
left the apartment about 1:00 p.m., and she next saw him about 5:30 p.m.
Brookins also explained that he had cut his hand when he fell while playing
handball with Jones Eric ("Eric"). Moreover, Eric admitted that he had lied
when he (Eric) told Brookins' counsel that he could corroborate Brookins'
account of the hand injury. Eric also testified that he had received a
threatening phone call.

---

[15] *See Lampkins v. State,* 465 A.2d 785, 787-88 (Del. 1983).

11

### *Other Evidence Sufficient*

The record reflects that Brookins' argument overemphasizes the weight of the new DNA test results relating to the blood on the vase and overlooks the uncontradicted circumstantial evidence supporting his convictions. Although no single item of evidence, viewed in isolation, may have been sufficient to convict Brookins, the physical evidence and the testimony of other witnesses, taken together, were sufficient to support a jury finding that Brookins was present at the scene and was guilty of the crimes charged beyond a reasonable doubt. As the Superior Court held:

> It is not likely that [the DNA evidence] would change the result even if a new trial was granted. . . . the evidence was substantial . . . a reasonable jury would not—could have reached the same conclusion and was likely to reach the same conclusion given quantity and sufficiency of the evidence, even in light of the DNA test results.

Accordingly, we hold that the Superior Court did not abuse its discretion in refusing to grant Brookins' motion for a new trial based upon the new DNA report concerning the blood on the vase.

### *Conclusion*

The judgment of the Superior Court is affirmed.

12

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:** EQUAL PROTECTION VIOLATIONS

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Court
erred in denying defendant's motion for new trial. The Court
failed to give sufficient weight to the DNA evidence and gave
weight to irrelevant factors. The Court dismissed valid argument
as being merely logical and cited to physical evidence that was
discredited.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☒ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Post Conviction Relief

Name and location of the court where the motion or petition was filed:
Superior Court - New Castle County

Docket or case number (if you know):    Cr. ID No. 80001074DI

Date of the court's decision:          June 14, 2006

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                          ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                      ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

    Supreme Court of Delaware

Docket or case number (if you know):    No. 306, 2006

Date of the court's decision:    March 29, 2007

Result (attach a copy of the court's opinion or order, if available):    See Exhibit "A"

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
       have used to exhaust your state remedies on Ground Two

**GROUND THREE:**    N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**          N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐   Yes          ☐   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes          ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No | |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No | |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No | |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☐ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☒ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:   Jerome Herlihy and Mary C. Boudart

(c) At trial:        SAME AS ABOVE

(d) At sentencing:    SAME AS ABOVE

(e) On appeal:       SAME AS ABOVE

(f) In any post-conviction proceeding:      T. Andrew Rose, Assistant Public
Defender, Cavel State Office Building, 820 N. French St.,
Wilmington, DE   19801
(g) On appeal from any ruling against you in a post-conviction proceeding:

Same As Above

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging? .        ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?             ☐ Yes    ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

- (1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    - (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    - (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    - (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    - (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)     The time during which a properly filed application for State post-conviction or other collateral review
            with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
            limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:     Appointment of cournsel,
and granting writ of habeas corpus

or any other relief to which petitioner may be entitled.

                                                                    Tyrone Brookins

                                                                    Signature of Attorney (if any)
                                                                  Tyrone Brookins

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on   06/23/07          (month, date, year).

Executed (signed) on      06/23/07        (date).

                                                                    Tyrone Brookins

                                                                    Signature of Petitioner
                                                                  Tyrone Brookins
If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

                              IN FORMA PAUPERIS DECLARATION

                              _____

                                    [insert appropriate court]

                                          * * * * *

IM:    Tyrone Brookins

SBI#    128849    UNIT  C

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

Clerk of the Court
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE

19801





U.S.M.S
X-RAY

UNITED STATES POSTAGE

$04.60

02 1A
0004608975
JUL 02 2007
MAILED FROM ZIPCODE 19977